IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK R. HOLLOWAY, :

    Plaintiff :

:
    vs.                                       CIVIL NO. 1:CV-10-2344
:

DANIEL SHAW, :
STEWART GRAYBILL,
THE BOROUGH OF RED LION, :
    Defendants

*M E M O R A N D U M*

I. *Introduction*

    The plaintiff, Mark R. Holloway, filed this lawsuit under 28 U.S.C. § 1983 against the defendants, Borough of Red Lion; Stewart Graybill, the Borough manager; and Daniel Shaw, the Borough's building code officer. Plaintiff makes a First Amendment retaliation claim and an equal protection claim stemming from a zoning-enforcement action charging him with having a commercial sign in a residential zone.

    Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570,

127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "[L]abels and conclusions" are not enough. *Id.* at 555, 127 S.Ct. at 1964-65.

The court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, and indisputably authentic documents. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006). Specifically, a court filing is a public record that may be considered. *See Churchill v. Star Enterprises*, 183 F.3d 184, 190 n.5 (3d Cir. 1999). *See also McPherson v. United States*, 392 F. App'x 938, 940 n.1 (3d Cir. 2010)(nonprecedential)(relying on prior court documents to determine the date of the plaintiff's criminal conviction for the purpose of deciding whether the district court properly dismissed the civil-rights complaint sua sponte on the basis of the statute of limitations). When the allegations of the complaint differ from the documents attached to the complaint, the documents control, and the allegations of the complaint need not be accepted. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994); *Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, __ (D.N.J. 2010).

Defendants argue the complaint must be dismissed because: (1) it fails to set forth sufficient facts to support Plaintiff's claims; (2) the retaliation claim based on Graybill's conduct during the telephone conversation fails on the merits in any event; (3) the complaint is time-barred; and (4) the individual defendants are entitled to qualified immunity. We agree with Defendants that the complaint is time-barred and will dismiss on that basis.

II. *Background*

The complaint was filed on November 12, 2010. In pertinent part, Plaintiff alleges as follows. On or about November 12, 2008, defendant Shaw charged Plaintiff with violating the Borough's "outdoor sign ordinance" for having a "business sign," but

2

without telling him how or in what way the sign violated the ordinance. (Compl. ¶¶ 8, 11, and 12 ). "[A]t the same time . . . within less than one quarter of a mile, in the same 'R-T (residential town) Zone' there existed at least 34 signs similar to the sign that Mr. Holloway was prosecuted for." (*Id.* ¶ 12). These other signs "are similar as to their size and, or contents, from the sign he was prosecuted for . . ." (*Id.* ¶ 13). However, none of the persons or businesses owning or exhibiting these signs "were ever prosecuted like he was." (*Id.*).[1]

Before Plaintiff was cited for the sign violation, he "had engaged in expressions of disagreement with the Borough and more specifically with Stewart Graybill, on issues such as assessment for paving costs, and various and sundry other citizen activist types of behavior that were unwelcome to Borough officials including Mr. Graybill and Mr. Shaw." (*Id.* ¶ 14).

Before the charges were brought, in August 2008, Shaw had sent Plaintiff an enforcement letter concerning the sign. (*Id.* ¶ 15). Plaintiff had questions about the letter and phoned Graybill after being unable to contact Shaw several times. (*Id.*). Plaintiff was hoping to resolve the matter and/or learn how to appeal from the enforcement letter. (*Id.*). Graybill angrily hung up on him, saying as he did so, "this looks like it's going to litigation and I can't talk to you further." (*Id.*). Plaintiff did nothing to justify Graybill's "misconduct." (*Id.* ¶ 16).

---

[1] Plaintiff alleges he was "charged" and "prosecuted" for the sign violation and in his opposition brief at one point, characterizes the proceedings against him as "criminal litigation." (Doc. 11, p. 1). How Plaintiff chooses to characterize the state-court proceedings is immaterial to our disposition of Defendants' motion. We do note, however, that the Borough pursued its charge through a civil complaint filed before a Pennsylvania magisterial district judge. The judge fined Plaintiff for the sign violation, and that decision was upheld on appeal to the court of common pleas and, after the complaint was filed in this action, the Pennsylvania Commonwealth Court. (Doc. 12, Defs.' Reply Br., Ex. A). Plaintiff now has an appeal pending in the Pennsylvania Supreme Court. *See Red Lion Borough v. Holloway*, No. 83 MAL 2011 (Pa.).

Plaintiff alleges that the Borough is liable for the conduct of Graybill and Shaw because they "develop and enforce Borough building code enforcement policy" and their actions were "an unlawful usage" of the policy. (*Id.* ¶ 17). Plaintiff also alleges that the Borough "maintains a custom, practice, and usage of discrimination against those it views as political outsiders, or dissidents, by engaging in the unequal enforcement of its laws against them." (*Id.* ¶ 1).

Plaintiff makes two claims based on his prosecution for the sign violation: (1) a First Amendment retaliation claim because the prosecution was in retaliation for having engaged in the First Amendment activity of "express[ing]" his "disagreement with the Borough and more specifically with Stewart [and] Graybill on issues such as assessment for paving costs, and various and sundry other citizen activist types of behavior"; and (2) an equal-protection selective-enforcement claim because others who exhibited signs "similar as to their size and, or contents," were not prosecuted. (*Id.* ¶¶ 13 and 14). Plaintiff makes one claim based on Graybill's conduct during the phone call: a First Amendment retaliation claim based on the conduct. Plaintiff seeks compensatory damages against all three defendants, and in addition, punitive damages against the individual defendants.

III. *Discussion*

As noted above, Defendants move to dismiss the complaint on the basis of the statute of limitations. The statute of limitations for section 1983 claims arising in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Defendants make two arguments on the limitations defense. First, they argue the complaint is untimely because it was filed on November 12, 2010, more than two years after August 20, 2010, the date on a letter Plaintiff wrote to Shaw complaining that Shaw's August 2008 enforcement letter violated his constitutional rights. (Doc. 7-1, Plaintiff's letter,

4

CM/ECF p. 24).[2]  In the alternative, Defendants argue the limitations period began at the latest on September 12, 2008, the date the Borough filed its civil complaint (signed by Shaw) with the magisterial district judge, (doc. 12-1, Defs.' Reply Br., Ex. B, Complaint, CM/ECF p. 15), a date which is also more than two years before the complaint was filed. We agree with the alternative argument.

> Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998)(citation omitted); *see also Montgomery v. De Simone,* 159 F.3d 120, 126 (3d Cir. 1998). . .  As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury.  *See United States v. Kubrick,* 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).  "The cause of action accrues even though the full extent of the injury is not then known or predictable.  Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace* [*v. Kato,* 549 U.S. 384, 391, 127 S.Ct. 1091, 1097, 166 L.Ed.2d 973(2007)] (internal quotation marks and citations omitted).

*Kach*, *supra*, 589 F.3d at 634-35 (brackets added).

Application of these principles show that Plaintiff's complaint is time-barred. We begin with the retaliation claims.  On the retaliation claim involving the prosecution of the civil complaint, Plaintiff would have suffered an injury completing the tort and making it actionable on September 12, 2008, the date Shaw filed the complaint in the magisterial district court.  On the retaliation claim involving Graybill's handling of the phone conversation, Plaintiff would have suffered an injury completing the tort and making it actionable in August 2008, when the conversation took place.  Both events occurred two years before the complaint was filed on November 12, 2010.  On the selective-

---

[2] The page number refers to the page number assigned by the Case Management/Electronic Case Files (CM/ECF) system.

enforcement claim, that claim would also have accrued at the latest on September 12, 2008, the date the civil complaint was filed, also making it untimely.

In opposing Defendants' limitations argument, Plaintiff asserts, and as averred in his complaint, that the Borough's civil complaint was really filed on November 12, 2008, thereby making the complaint timely as it was filed exactly two years later. We disagree. As noted, the state-court records, upon which we may rely, *see McPherson, supra,* 392 F. App'x at 940 n.1, establish that the Borough's complaint was filed on September 12, 2008.[3] Additionally, even though Plaintiff alleges that the complaint was filed on November 12, we need not accept this averment if contradicted by the public record. *See Goldenberg, supra,* 741 F. Supp. 2d at __ ("The Court will consider . . . documents about which there is no dispute as to authenticity, and to the extent they contradict the Complaint's factual allegations, the documents will control.").[4]

We will issue an appropriate order.[5]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 23, 2011

---

[3] The only event that occurred on November 12, 2008, was the magisterial district judge's notice of judgment on the Borough's complaint. (Doc. 12-1, CM/ECF p. 17).

[4] We also note that Plaintiff's argument does not solve his limitations problems in regard to the retaliation claim based on the phone conversation to the extent it is considered a separate claim since Shaw's conduct occurred in August 2008.

[5] If we were to reach the other arguments, we would agree with Defendants that the complaint was not specific enough and that the retaliation claim arising from the phone conversation lacked merit because it failed to satisfy one of the elements of a retaliation claim, that of adverse action, because Shaw's conduct would not have deterred a person of ordinary firmness from exercising his constitutional rights. *Brightwell v. Lehman*, __ F.3d __, __, 2011 WL 635274, at *5 (3d Cir. 2011).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK R. HOLLOWAY,                     :
     Plaintiff                             :
                                            :
     vs.                                   CIVIL NO. 1:CV-10-2344
                                            :
DANIEL SHAW,                          :
STEWART GRAYBILL,
THE BOROUGH OF RED LION,              :
     Defendants

*O R D E R*

AND NOW, this 23rd day of March, 2011, it is ordered that:

  1. Defendants' motion (doc. 7) under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint is granted.

  2. The Clerk of Court shall close this file.

                             /s/William W. Caldwell
                             William W. Caldwell
                             United States District Judge